There being no reversible error presented, the judgment will be affirmed.

---

### CLARK v. WILLRICH et al.

(Court of Civil Appeals of Texas. Galveston. April 19, 1912. On Motion for Rehearing and to Certify, May 16, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*) —TAXES—ELECTION—VALIDITY.

If the ballots used by a majority of the voters in an election to determine whether to levy school taxes were illegal, the election should be declared void and a new election ordered, unless the evidence showed that if the illegal ballots had been counted the result of the election would not have been different; and the fact that one-half of the voters whose ballots were not counted, because illegal, voted against the tax would not justify a finding that the result of the election was not affected by failure to count them, where it was not shown that all voting in favor of the taxes were qualified.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*) —TAXATION—ELECTION.

Acts 31st Leg. c. 12, § 59, provides that each person who favors taxation for school purposes shall have written or printed on his ticket, in the election to determine whether to levy a school tax, "For School Tax,". and each person opposed to such taxation shall have written or printed thereon, "Against School Tax," and the ballots shall be prepared by the county judge. General Election Law (Acts 29th Leg. [1st Ex. Sess.] c. 11) § 194, provides that the act is cumulative as to elections and penalties for violating the election laws, except that it shall repeal the election act, approved by the Governor April 1, 1903 (Acts 28th Leg. c. 101), provided that the act shall not interfere with or repeal any laws, except as herein provided. Held, that an election to determine whether to levy a school tax was governed by acts 31st Leg. c. 12, and not by the general election law (Acts 29th Leg. [1st Ex. Sess.] c. 11) §§ 72, 78, so that the ballots need not be signed by the presiding judge of the election; that not being required by chapter 12.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

On Motion for Rehearing and to Certify.

**3. SCHOOLS AND SCHOOL DISTRICTS (§ 103\*)— ELECTIONS—QUALIFICATIONS OF VOTERS.**

That an elector had not assessed his property for taxes did not disqualify him as a voter at an election to determine whether a tax should be levied for school purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.\*]

**4. SCHOOLS AND SCHOOL DISTRICTS (§ 103\*)— ELECTIONS—QUALIFICATION OF VOTERS.**

The election officer properly refused to permit one to vote at an election on the question of levying a school tax who stated that he did not own property in the district subject to taxation, even though the voter was mistaken as to his ownership of property.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.\*]

Appeal from District Court, Fayette County; L. W. Moore, Judge.

Election contest by I. E. Clark against George Willrich and others. From a judgment for contestees, contestant appeals. Reversed and remanded.

L. D. Brown, of La Grange, for appellant. John T. Duncan, of La Grange, for appellees.

PLEASANTS, C. J. This is a suit to contest an election, held on February 3, 1911, in Schulenberg common school district No. 28 of Fayette county, Tex., to determine whether a special tax of 12½ cents on each $100 assessed value of the property in said district should be levied for school purposes.

Upon the face of the returns, the election resulted in favor of the tax by a majority of 2 votes, 69 votes being cast in favor of the tax and 67 against it; and the result was so declared by the commissioners' court.

Appellant, who is a resident taxpayer and voter in said district within the time prescribed by statute, instituted this proceeding to contest said election, upon the grounds, among others, that a number of qualified voters in said district, who offered to vote at said election, and would have voted against said tax, were denied the right to vote, and that persons who were not qualified were allowed to vote in favor of the tax. The names of the qualified voters who were denied the right to vote, and of those persons who were disqualified and who voted for the tax, are set out; and if the allegations of the contestant are true a majority of the qualified voters at said election voted against the tax.

The election is further contested on the ground that a large number of ballots cast at said election were not signed by the presiding judge, as required by the statute, and this and other irregularities in the manner of holding the election were such that the true result thereof cannot be ascertained; and, because of the failure of the presiding judge to sign said ballots, they cannot be counted, and such number of voters were thus denied the privilege of voting as, had they been allowed to vote, would have changed the result of the election.

The contestees in the court below answered by general demurrer, general and special denial of the allegations of plaintiff's petition, and for further answer challenged a number of votes cast at said election against said tax, on the ground that persons casting same were not qualified to vote for said election.

The trial in the court below, without a jury, resulted in a judgment in favor of the contestees.

At the request of appellant, the trial judge filed conclusions of fact and law, from which we copy the following fact conclusions: "I find that there were cast at said election 136 votes; and that 69 votes were cast in favor of said tax and 67 votes were cast against said tax, as shown by the election returns made by the judges of the election. I find that Ernest Russek was the presiding officer of said election, and that all of the ballots cast at said election had his name signed upon the same, and all of said ballots were numbered; but I find that of the 136 votes cast he only signed 60 of them in person. The 76 were signed, at his request and by his direction, by his associate judges, who aided him in holding said election. I find that the parties did not know the effect that this act had on said ballots; and these acts were done with no intention to effect the fairness of the election. I find that upon a recount of said ballots 76 of them were not signed by the presiding judge in his own handwriting, and therefore were cast out and held for naught; but I find that of the 76 votes that were actually cast that were not signed by the presiding judge in person, but by his direction, 38 of them were in favor of the tax and 38 against it. This fact was announced in open court as a result of the recount. I find that of the 60 votes which were admitted to have been signed by the presiding judge there were 31 votes in favor of the tax and 29 against the tax. I find that none of the challenges made by the contestant to any of the votes in favor of the tax, among the 60 votes signed by the presiding officer, were sustained by any evidence in the case. The others were not inquired into. I find that the election was fairly conducted, and that the judges of the election did not attempt to electioneer for nor against the school tax. I find that upon a proper recount of the legal votes cast at said election (and what I mean by legal votes were the votes that were actually signed by the presiding judge) there were 31 in favor of the tax and 27 against the tax. I find that most of the disqualified votes alleged in the pleadings were not investigated, because most of said votes being the group of 76, which were cast out under the ruling of the court on the recount of the ballots."

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appellant assigns error upon the ruling of the trial court in refusing to declare the election void when more than one-half of the ballots cast at said election were held to be illegal and could not be counted, and there was no evidence tending to show that the result of the election would have been the same, if the qualified voters, whose ballots were not counted, because the signature of the presiding judge was not written thereon, had not been in this way deprived of their right to vote at said election.

[1] We think the court erred in this ruling. If the ballots furnished by the election officers and used by a majority of the voters at the election were illegal, and for that reason could not be counted, and the majority of the voters at said election were thus, in effect, deprived of their right to vote, we think the election should be held void, and a new election ordered, as provided in article 1804f of the Revised Statutes, unless it was shown by the evidence that, if said ballots had been counted, the result of the election would not have been different.

The trial court held that the fact that one half of the voters, whose ballots were not counted voted against the tax and the other half for it was sufficient to justify the conclusion that the result of the election was not affected by the failure to count these ballots. This holding is manifestly unsound, because it is based upon the assumption that all such voters were qualified to vote at said election. The contestant challenged a number of these voters, who voted in favor of the tax, but was not permitted to show that they were disqualified. Had such disqualification been shown, it would have established the fact that the result of the election would have been different, unless the contestees had shown that an equal or greater number of said voters who voted against the tax were disqualified. It seems clear to us that if the 76 ballots were properly excluded from the count the election should be held void and a new election ordered, in the absence of evidence showing that the result of the election would not have been changed, if no illegal ballots had been furnished the voters. Under this view of the case, the judgment should be reversed, and the cause remanded.

[2] We cannot, however, agree with the trial court in his holding that the 76 ballots which were not signed by the presiding judge of the election should not be counted. Without deciding whether this holding would be correct if the provisions of the general election law (sections 72 and 78 of the Acts of the Twenty-Ninth Legislature, pages 537 and 538), prescribing the kind of ballots to be used at elections, and forbidding the counting of any ballots not prepared in the prescribed manner, were applicable to a local election, held for the purpose of determining whether or not a district school tax should be levied, we think it settled that these pro-

visions of the statute are not applicable to an election of this kind.

The law under which this election was held is found in chapter 12 of the Acts of the Thirty-First Legislature, page 18. Section 59 of this act contains the following directions as to the form of the ballots to be used at such elections: "And each person who favors taxation for school purposes shall have written or printed on his ticket 'For School Tax,' and each person opposed to such taxation for school purposes shall have written or printed on his ticket 'Against School Tax.' The ballots shall be prepared by the county judge and the county shall bear the expense of having them printed." This is the only provision of the act in reference to the ballots to be used at such election.

Section 194 of the general election law, before cited, contains the following provisions: "This act is cumulative as to elections and penalties for violating the election laws of this state; except that it shall repeal the election act approved by the Governor April 1, 1903; provided, that this act shall not interfere with or repeal laws of this state, except as herein specially provided and set forth."

In the case of Wallis v. Williams, 101 Tex. 395, 108 S. W. 153, our Supreme Court holds that because of this provision of the general election statute the other provisions of the statute, which directs how the ballots to be used in a general election should be prepared, does not apply to a special local election held under a law which provides the form of ballots to be used in such elections.

Under the ruling in the case cited, we think it clear that the provisions of the general election law, under which the trial court held the ballots thus cast, which were not signed by the presiding judge, to be illegal, do not apply to an election of this kind; and therefore the trial court erred in refusing to count such ballots.

As before shown, the case was not properly tried, even upon the theory of the trial court that the 76 ballots could not be counted, and the judgment must be reversed, and the cause remanded for a new trial. Upon such new trial, the court should not disregard the ballots which were not signed by the presiding judge, but should determine from all the evidence how a majority of all the qualified voters at said election voted, and declare the result accordingly. None of the assignments presented by the appellant, except those presenting the questions before discussed, show any error, and all of them are overruled.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.

## On Motion for Rehearing and to Certify.

Appellant has filed a motion for rehearing, in which it is contended that the opinion

filed herein on April 19, 1912; is in conflict with the opinion of this court in the case of Hillsman v. Faison, 23 Tex. Civ. App. 398, 57 S. W. 921, and the opinion of the Court of Civil Appeals for the Second District in the case of Hendrick v. Culberson, 23 Tex. Civ. App. 409, 56 S. W. 616; and because of such alleged conflicts we are asked to certify the questions upon which the conflicts are claimed to exist to the Supreme Court for decision.

The claim of conflict with the opinion in the Hillsman Case, supra, is based upon the ruling of this court in not sustaining appellant's eleventh assignment of error, which complains of the holding of the trial court that the voter Ed Haas was not unlawfully deprived of his right to vote at the election to contest which this suit was brought. Haas testified on the trial that he owned property in the district subject to taxation on the 1st day of January next preceding the date of the election, but that said property had not been rendered for taxation prior to the time he offered to vote.

[3, 4] Under the decision in the Hillsman Case the fact that Haas had not rendered his property for taxes did not disqualify him as a voter, and our former opinion in this case does not conflict with that ruling. There was more involved in the question presented by the assignment of error before mentioned than the disqualification vel non of Mr. Haas. The trial court found, and the finding is not assailed by any assignment presented in appellant's brief, that, when asked by the judge of the election if he owned property in the district subject to taxation, Haas replied that he did not. Having informed the officer of the election whose duty it was to test his qualification that he did not own property in the district subject to taxation, the officer properly refused to permit him to vote, and it is immaterial whether he was in fact a property owner. The election officer was not responsible for his mistake, or his misunderstanding of the question, and there is nothing to indicate that the officer had any reason to suppose that the fact was otherwise than as stated to him by Haas. We think it clear that in overruling the assignment mentioned we were not in conflict with the decision in the Hillsman Case, supra.

But for the finding of the trial court before mentioned, we would hold, upon the testimony in the record, that Haas was a qualified voter, and was wrongfully deprived of his right to vote. He testified, and his testimony does not appear to be contradicted, that he did own property subject to taxation in the district on the 1st of January next preceding the election, and that he was not asked by the judge of the election whether he owned property, but whether he had assessed any, and his reply was, not that he did not own any, but that he had assessed

none. Upon these facts he was a qualified voter, and should not have been refused the right to vote.

The contention that our former opinion is in conflict with the opinion in the Hendrick Case, supra, is based upon our refusal to sustain appellant's twelfth assignment of error. This assignment complains of the ruling of the trial court in holding that the voters Thomas and Solansky were qualified voters at said election. It is claimed that these voters were not taxpayers in the district, and were therefore not qualified to vote at said election. The evidence shows that both of said voters owned property in the district subject to taxation on the 1st day of January next preceding the election, but that neither had assessed their property, and the name of neither appeared upon the assessment rolls. In the Hillsman Case, supra, which we followed in overruling this assignment, it was expressly held that the failure to assess the property did not disqualify the property owner to vote at such election. The Hendrick Case is not in conflict with this ruling. In that case the person held disqualified did not own property in the district subject to taxation on the 1st day of January next before the date of the election, and for that reason he was held not qualified to vote; the court expressly declining to decide whether it was necessary that the property should be assessed in order to entitle the owner to vote at such election.

We think the motion for rehearing and to certify should be refused, and it is so ordered.