CHESTNUTT et al. v. WELLS. (No. 11585.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 12, 1925. Rehearing Denied Jan. 23, 1926.)

1. Schools and school districts ⊂⇒103(2)— Where judge of special school tax election was school trustee, election was nevertheless valid (Vernon's Sayles' Ann. Civ. St. 1914, art. 2922 [Rev. St. 1925, art. 2940]).

Where judge of election to determine whether school tax should be increased was trustee in the school district, the election was nevertheless valid; Terrell Election Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 2922 [Rev. St. 1925, art. 2940]), applying only to general and primary elections.

2. Schools and school districts ⊂⇒103(2)— Where no fraud, or unfairness, or result of vote incorrect, election to determine increase of school tax is not invalidated by mere irregularity.

Election to determine whether school tax should be increased is not invalidated by mere irregularity, when no fraud was perpetrated, and election was fair, and result did not fail to reflect vote cast.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Contest of an election by T. J. Wells against J. C. Chestnutt and another to determine whether school tax should be increased. Judgment was rendered for contestant, the election and its result were set aside, and defendants appeal. Order setting aside election and the result thereof vacated, and judgment rendered for defendants, validating the tax levy voted.

J. P. Williams, of Wichita Falls, and W. G. Eustis, of Henrietta, for appellants.

Wantland & Glasgow, of Henrietta, for appellee.

BUCK, J. This case is over a contest of an election held in common school district No. 36, Clay county, to determine whether the school tax should be increased. The contestant claimed in the lower court, and does here, that E. L. Persons, in the order of the county judge, was appointed to hold the election, and was directed to select two judges and two clerks to assist in the holding of said election; that E. L. Persons did not act as presiding officer of said election, but appointed as presiding judge one T. B. Currington, who acted as presiding judge; and that

to assist him in holding said' election two clerks were appointed, to wit, G. I. Hellen and A. H. Beck; that said three named were the only ones who acted as officers in said election; that T. B. Currington was disqualified to act as presiding judge, or as any officer, of said election, inasmuch as he held at said time an office of trust, to wit, that he was trustee of common school district No. 36.

Article 2922, Vernon's Sayles' Ann. Civ. St. 1914 (article 2940, Rev. St. of 1925) reads in part as follows:

"No one who holds an office of profit or trust under the United States of this state, or in any city or town in this state * * * shall act as judge, clerk or supervisor of any election."

[1] This is part of what is known as the Terrell Election Law, which has been held not to effect or apply to special elections, but to be confined to general elections and primary elections. Wallis v. Williams, 108 S. W. 153, 101 Tex. 395; Hillert v. Schweppe (Tex. Civ. App.) 234 S. W. 152; Clark v. Willrich (Tex. Civ. App.) 146 S. W. 947; Walker v. Mobley, 103 S. W. 490, 101 Tex. 28, by the Supreme Court; Williams v. Hammond (No. 11525) 278 S. W. 304, by this court not yet [officially] published. If this conclusion is correct, it follows that the election should not be held invalid, even though Currington, who acted as presiding judge, was in fact prohibited from so acting by a provision in the general election laws.

[2] It is true that in Savage v. Umphries, 118 S. W. 893, 901, the San Antonio Court of Civil Appeals uses some language, in the way of obiter dicta, that, if the facts show that one or more of the officers holding the election was disqualified and prohibited from serving as an election officer, and if the evidence further shows that such election could not have been held by the election officers serving who were not so disqualified or prohibited, the election should be held invalid. We do not question the statement of the law so made, but think that it does not apply to a case of a special election such as this. There is no contention that any fraud was perpetrated in this election, or that it was not fair, or that the result of the election did not reflect the votes of those voting thereat. In such a case no mere irregularity will invalidate the election. Graham v. City of Greenville, 2 S. W. 742, 67 Tex. 62; State v. City of Waxahachie, 17 S. W. 348, 81 Tex. 626; 15 Cyc. 311, 359.

There seems to be no statutory disqualification of Currington to serve as judge of the election, except article 2922, Vernon's Civil Statutes 1914 (article 2940, Rev. St. 1925). If Wallis v. Williams, 108 S. W. 153, 101 Tex. 395, should be construed to hold that the provisions of laws for holding general elections does not apply to special elections, then we see no reason why he should be held to have been disqualified. Chief Justice Gaines in the last cited case says:

"We see no good reason for excluding elections under special laws technically so called from the operation of the act and including other special elections. Elections under special laws strictly so called are of infrequent occurrence, and as a rule are subject to precisely the same conditions as an election for the removal of a county seat, for a stock law and the like. There is usually in all such merely a proposition to be voted upon and the question is, shall it be adopted or not. This makes a broad line of distinction between general elections for the choosing of officers to conduct the government in which numerous candidates are to be voted for and elections specially provided for in which the people express their will upon a single proposition. It would seem a wise policy to except the latter from the provisions of a law regulating the former and to leave the latter unembarrassed by the restrictions thrown around the former. Many of the regulations as to the preparing the ballot are inapplicable to a special election and cannot be literally complied with.

"Subdivision 6 of article 3268 of our Revised Statutes expressly provides that: 'In all interpretations the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy.' We think the Legislature did not intend to make the Terrell Election Law applicable to special elections. There has never been so far as we are aware of any complaint in reference to the operation of laws affecting such elections. The evil was in the laws affecting the general election and it was the purpose to remedy them only.

"There are some provisions in the Terrell Law which apply to special elections of the character of that in controversy, from which it may plausibly be argued that it was not the intention to except them from its provisions. But section 194 was added by amendment in the Senate after the bill had passed the House. The final passage in both Houses was upon the last days of the session. It was hardly to be expected that in a bill of such complication consisting of 195 sections, under the pressure of business incident to the last days of the session, they would look back to eliminate every incongruity in the bill after incorporating the exceptions provided for in section 194."

We are of the opinion that the trial court erred in holding the election invalid, and in giving judgment for contestant, and the judgment is reversed, the order below setting aside the election and the result thereof is vacated, and judgment is here rendered for the appellants, validating the tax levy voted.