## LEWIS v. CRUMP et al.
### No. 7537.

Court of Civil Appeals of Texas. Austin.
.Dec. 3, 1930.

W. A. Morrison, of Cameron, for appellant.

E. A. Camp, of Rockdale, for appellee.

BAUGH, J.

Appeal is from a judgment in favor of the contestants in a school tax election contest. An election was held in common school district No. 22 in Milam county, on November 2, 1929, to determine whether said district should increase its school tax from 15 cents to 75 cents on the $100 property valuation. The election returns showed a vote in favor of the tax of 21 to 20, and the commissioners' court so declared the result. The election was contested on the ground that four legal ballots of qualified voters which should have been counted were discarded, all of which were against the tax; and which, had they been counted, would have changed the result of said election. The trial was to the court without a jury. After a full hearing and an examination of the ballots in question (which are brought forward to this court with the record), the trial court concluded that all of said ballots should have been counted, and that said election in fact failed to carry by a vote of 24 to 21, instead of having carried by a vote of 21 to 20, so declared in his judgment, and set aside the result as declared by the commissioners' court.

Appellant's first contention is that the contestants having failed to show that those whose ballots were rejected were qualified voters of the district, their ballots were not admissible in evidence. No authority is cited in support of this contention. We do not sustain it. No issue was made as to the qualification of such voters on the trial. When the ballots were offered, no objection was urged on that ground. The case was tried below on the theory that the ballots in question were so mutilated or defaced as to invalidate them. The evidence shows that such was the only reason for refusal of the election judges to count them.

Election judges are sworn officers for the duties imposed upon them. The law defines their duties (chap. 8, title 50, R. S. 1925), and requires that a citizen furnish them evidence of his right to vote before he be allowed to do so. R. S. arts. 2793 and 3004. A penalty is provided in case such officers permit an illegal vote to be cast. P. C. art. 216. Such parties having been permitted to vote, and no issue having been raised upon the trial as to their qualifications, it will be presumed, in the absence of an affirmative show-

618

ing to the contrary, that the election officials did their duty and did not violate the law; and that those permitted by them to vote were legally qualified to do so.

■ It has been held that the provisions of the general election law do not apply to special elections for which the statute otherwise makes special provisions. Wallis v. Williams, 101 Tex. 395, 108 S. W. 153; Clark v. Willrich (Tex. Civ. App.) 146 S. W. 947; Chesnutt v. Wells (Tex. Civ. App.) 280 S. W. 351, and cases there cited. All of these cases follow the holding of the Supreme Court in Wallis v. Williams. We raise no question as to the decisions in these cases. But in the instant case, the special law authorizing this election and under which it was held, enacted many years after the decision of Wallis v. Williams, expressly provides: "And said elections shall be held and conducted as provided by law for general elections, except as herein provided." Articles 2785, 2794, R. S. 1925. Where applicable, therefore, and where not in conflict with the express or implied provisions of the special law governing common school district elections, the general election law would apply; and so define the duties of election officials, the requirements for voting, and the penalties invoked for illegal voting at such election.

■ The next contention of appellant is that the box containing the alleged mutilated ballots, returned sealed to the county clerk, was unlawfully opened by the county judge in the presence only of the county clerk and the attorney for contestants, and that therefore such ballots were not admissible in evidence. The record does not show when such box was opened, whether before or after the commissioners court canvassed the returns and declared the result of the election, nor that objection was made to their admission on that ground. However, it affirmatively and conclusively appears that no tampering with these ballots occurred; and that same were, except as to the date and initials of the county judge placed thereon by him at the time, the identical ballots voted in the election, refused to be counted by the election judges, and returned by them sealed to the county clerk. No harm therefore could have resulted from the conduct complained of, and the ballots were properly admitted in evidence.

■■ The remaining contentions relate to the ballots themselves. The vote of Mrs. W. J. Drehr was not counted by the election officials because "not marked sufficient." The ballot is before us. Though not heavily marked, several pencil lines are clearly drawn through the words "For Increase of School Tax"; while the words "Against Increase of School Tax" are left as printed on the ballot. Clearly it was a legal ballot and should have been counted. Nor could she be heard to contradict her ballot on the trial with testimony that she intended to vote for the tax increase. Huff v. Duffield (Tex. Civ. App.) 251 S. W. 298, 301.

■■ The ballot of Roy Spence was rejected because "marked and erased." It shows clearly that he first drew pencil lines through the words "Against Increase of School Tax," then erased same, leaving these printed words slightly blurred, but with the pencil marks erased; and that he then heavily marked out the words, "For Increase of School Tax." A casual examination of the ballot leaves no doubt as to the intention of the voter; and when that clearly appears his vote should be counted. Stubbs v. Moursund (Tex. Civ. App.) 222 S. W. 632. None of the ballots were mutilated within the purview of the statute. Stubbs v. Moursund, supra.

■ The ballots of W. E. and Josephine Locklin were rejected because "name written on face ballot." We have found no statute requiring a ballot to be rejected, nor has any been cited, because a voter has written his name upon same, where such ballot is in all other respects regular. In Hanscom v. State ex rel. Lockhart, 10 Tex. Civ. App. 638, 31 S. W. 547, Judge Williams writing, it was expressly held, in a case wherein the voter had written his name on his ballot that in the absence of a statute requiring such ballot to be disregarded, same should be counted. The courts have consistently construed election laws liberally to effectuate the will of a qualified voter, and unless the counting of his ballot is clearly denied by law, his expressed will in his ballot should be given effect. Owens v. State, 64 Tex. 509. We think the trial court properly counted the four ballots rejected, and when so counted the result of said election was changed.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.