FRANKLIN v. WILSON, Dist. Atty. et al.
No. 2875.

Court of Civil Appeals of Texas. Eastland.

Sept. 28, 1951.

Rehearing Denied Oct. 19, 1951.

Shirley W. Peters, Dallas, for appellant.

Roberts & Hershey and J. E. McLemore, Jr., all of Dallas, for appellees.

LONG, Justice.

On May 9, 1950, an election was held in the town of Lake June, Texas, on the question of abolishing the corporate existence of said town. In said election, 158 votes were cast for "no corporation" and 60 votes were cast "for corporation." Thereafter, the County Judge of Dallas County entered an order declaring the results of said election and declaring that the corporate existence of the town of Lake June, Texas, was abolished. Appellant, W. Mae Franklin, instituted this suit contesting said election and as a basis for said contest, alleged (a) that the ballots cast by certain named persons in such election were counted by the election officials and returns made thereof, notwithstanding that none of such ballots so cast by such named persons were numbered; (b) that the ballots cast by certain named persons in such election were counted by the election officials and returns made thereof, notwithstanding that

none of such ballots so cast by such named persons had in the top right-hand corner a detachable stub, and that no detachable stubs from the ballots cast by such named persons were deposited in the stub box which had been sealed by the District Clerk of Dallas County, Texas, prior to the date of the election; (c) that the ballots cast by certain named persons in such election were counted by the election officials and returns made thereof, notwithstanding that none of said named persons were property taxpayers of the Town of Lake June, Texas, as shown by the last assessment roll of said Town.

Contestees answered by general denial and other pleadings which are not necessary to note here. Upon a trial the court entered judgment that the contestant take nothing by reason of her suit. From this judgment, contestant has appealed.

Contestant contends the trial court erred in holding that the provisions of Title 50 of Revised Civil Statutes of Texas, as amended were not applicable to the election in question. Title 50 as amended is Art. 2978 et seq., Vernon's Annotated Civil Statutes. Art. 2978, Vernon's Annotated Revised Civil Statutes, provides that in all elections by the people, the vote shall be by official ballot which shall be numbered. Art. 2980 provides that upon such ballot there shall be in the top right-hand corner a detachable stub formed by a perforated line which shall start two (2) inches below the top right-hand corner of the ballot and shall extend two (2) inches to the left and thence to the top of the edge of the ballot. Upon the stub thus formed there shall be no printing or writing except the number of such ballot and the date and designation of the election, and the words, "Note: Voter's Signature To Be Affixed On The Reverse Side."

Art. 3012 provides there shall be prepared by the County Clerk a stub box, as all other boxes for elections, except the opening thereof shall not exceed one-sixteenth (1/16th) of an inch in width and one and one-half (1½) in length and it shall then be submitted to the district clerk of the county. That this box shall be delivered to the election judge and the election judge shall return this box to the district clerk at the time he delivers the regular ballot boxes to the designated place. The statute further provides that when a voter is voting in person he shall immediately detach therefrom the perforated stub and affix his signature to the back of same and deposit it in the stub box before depositing his ballot and without disclosing to anyone the number of his stub.

It is conceded in holding the election in question the provisions of the above articles were not complied with. The question for us to determine is whether the provisions of the statute applies to a special election such as the one here. We have given this question our most serious consideration and are of the opinion that our Supreme Court has definitely decided this question. The above statutes are amendments to what is known as the "Terrell Election Law." Our Supreme Court, in the case of Wallis et al. v. Williams et al., 101 Tex. 395, 108 S.W. 153, 154, held that the Terrell Election Law did not apply to a special election held under a special law for the change of a county seat. From that opinion, we quote: "Elections under special laws strictly so called are of infrequent occurrence, and, as a rule, are subject to precisely the same conditions as an election for the removal of a county seat, for a stock law, and the like. There is usually in all such merely a proposition to be voted upon, and the question is: Shall it be adopted or not? This makes a broad line of distinction between general elections for the choosing of officers to conduct the government in which numerous candidates are to be voted for and elections specially provided for, in which the people express their will upon a single proposition. It would seem a wise policy to except the latter from the provisions of a law regulating the former, and to leave the latter unembarrassed by the restrictions thrown around the former. Many of the regulations as to the preparing the ballot are inapplicable to a special election, and cannot be literally complied with."

Art. 1242, Vernon's Annotated Revised Civil Statutes, provides that property tax paying voters of a city who desire to

822

abolish a corporation, may petition the county judge to that effect who shall thereupon order an election to be held in such city or town "as in the case of its incorporation." It will thus be seen that an election held for the purpose of determining whether or not a municipal corporation shall be dissolved must be held in the same manner as one for the purpose of determining whether or not a town shall be corporated.

Art. 1138, Vernon's Annotated Revised Civil Statutes, provides the following, with reference to the ballot to be used in determining whether or not a corporation shall be formed: "On each ticket the voter must write or cause to be written or printed, 'corporation' or 'no corporation.'"

We hold that this Article was not repealed by Article 2978 et seq.

We believe that under the decisions of this State that it was not necessary, in holding the election in question, to comply with the provisions of Art. 2978 et seq. See also Schrock et al. v. Hylton et al., Tex.Civ.App., 133 S.W.2d 175.

At the time of and prior to the election, the town of Lake June had not assessed and collected any taxes or compiled a tax assessment roll. Art. 1243, Vernon's Annotated Revised Civil Statutes, provides that all persons who are legally qualified voters of the state and county in which such an election is ordered and are resident property taxpayers in the city or town where such election is to be held as shown by the last assessment roll of such city or town, shall be entitled to vote at such election. Contestant contends that the votes cast by the voters at the election in question were illegal because the names of such voters did not appear upon the assessment roll of the town of Lake June, Texas. We do not agree with this contention. The tax assessment roll provided for in the above statute is merely directory and provided to aid the county judge and election judges in determining who owns property within the area and are thereby eligible to vote at such election. It is not a mandatory provision that would disqualify citizens in the area. We hold that if a voter is otherwise qualified under the law, that the failure of his name to appear upon the tax assessment roll would not destroy his right to vote in the election to abolish the city. This is especially true where the city has not compiled such assessment roll. If we should hold otherwise, the qualified voters of a city would be deprived of their statutory right to abolish the corporation if the city officials should fail to prepare an assessment roll.

The trial court found that there were no illegal votes cast and counted which altered the result of the election and that such election was a fair and just one. These findings have support in the evidence. On examination of the record it seems to us that the election was fair in all respects and that all of the qualified voters had an opportunity to express themselves upon the issue involved.

All other points raised by contestant are rendered immaterial by the view we take of the two points above discussed and are, therefore, not passed upon.

The judgment is affirmed.