### TOWN OF LAKE JUNE v. CITY OF DALLAS et al.

### No. 14515.

Court of Civil Appeals of Texas. Dallas.

Jan. 11, 1952.

Shirley W. Peters, Dallas, for appellant.

H. P. Kucera, City Atty. and H. Louis Nichols, Asst. City Atty., of Dallas, for appellees.

### PER CURIAM.

This proceeding was originally filed by appellant against the City of Dallas and the members of its Council to restrain the City of Dallas from attempting to exercise any jurisdiction over the territory formerly located within the limits of the Town of Lake June, Texas, and further restrain the City of Dallas from annexing such territory to the City of Dallas. The trial court, after hearing, sustained appellee's plea in abatement and dismissed the entire proceeding. From such order appellants have duly perfected this appeal and have superseded the judgment.

Appellant has now filed a motion for an injunction pendente lite to restrain appellees from proceeding to annex to the City of Dallas territory embraced within the Town of Lake June, Texas.

Appellees have answered asserting that the Town of Lake June, Texas, was abolished by an election held May 9, 1950 wherein the vote was 168 for "No Corporation" and 64 "Corporation"; and also by proper proceedings thereafter based upon said election by proper order of the County Judge. That thereafter a contest of such election was filed in one of the District Courts of Dallas County, styled Franklin v. Wilson, Jr., District Attorney, which contest resulted in a judgment denying contestants the relief prayed for and declaring the corporate existence of the Town of Lake June, Texas, terminated by such election. Such judgment was affirmed by the Court of Civil Appeals at Eastland, 242 S.W.2d 820. Appellees further allege that on December 5, 1951 our Supreme Court overruled a motion by appellants in the Eastland Court of Civil Appeals proceeding for permission to file an application and petition for a writ of mandamus to require the Chief Justice of the Eastland Court of Civil Appeals to certify the material questions of law passed upon by said Court of Civil Appeals involved and passed upon by such court in affirming the trial court's judgment therein; and has also in a separate paragraph moved this Court to dismiss this entire proceeding because all questions involved are now moot.

Such sworn answer and motion to dismiss have not been answered or controverted by appellant, and we find such facts therein stated to be true.

Under such record we hold that all questions involved in this appeal have become moot and that appellant has no further legal capacity to maintain this action or appeal.

The application for injunction is therefore denied and all matters involved herein having become moot, the entire proceeding is dismissed.