### SNELSON et al. v. MURRAY et al.
#### No. 4894.

Court of Civil Appeals of Texas. El Paso.
July 16, 1952.

Opinion Rehearing Granted Aug. 13, 1952.
Appellees' Rehearing Denied Oct. 8, 1952.

J. H. Starley, Pecos, for appellants.

Hart Johnson and Connell Ashley, Ft. Stockton, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Ward County, rendered in an election contest filed in that Court. The contest was of an election held on January 8, 1952, for the office of Tax Assessor and Collector of Ward County Water Improvement District No. 2, and of one Director of the District. Upon a canvass of the election returns appellant Snelson was declared elected as Tax Assessor and collector and appellant White as a Director of the District. The trial court deducted from the votes cast 104 votes of persons who did not own taxable real property within the District, as required by art. 7631, R.C.S., Vernon's Ann.Civ.St. art. 7631. Such deduction changed the result of the election.

Appellants' first point is that the court erred in holding that art. 7631, R.C.S., as amended by Chap. 30, Acts of the 48th Legislature, 1943, was applicable to the election in question.

Art. 7631, R.C.S. had its origin in Sec. 7, Chap. 87, Acts of the 35th Legislature, 1917. This Section related to "The manner of conducting *such election*", (emphasis ours) referring to the election which determined whether the District should be created. Western Union Tel. Co. v. Wichita County Improvement Water Dist. No. 1, Tex.Com.App., 30 S.W.2d 301, loc. cit., 305 (Sec. 7). That Act provided that

"There shall be held on the second Tuesday in January, 1918, and every two years thereafter, a general election, at which time there shall be elected five directors for such district". Sec. 72.

Section 7, Chap. 87, Acts of the 35th Legislature, 1917, was amended by Chap. 28, § 7, Acts of the First Called Session of the 36th Legislature, 1919, which referred to the manner of conducting *"elections herein provided for"* (emphasis ours). This amendment obviously included the election of directors provided for in Sec. 72 of Chap. 87, Acts of the 35th Legislature, 1917. The amendatory act of 1919 was incorporated in the codification of 1925 as art. 7631 of the R.C.S. The amendment of this Article by Chap. 30, Acts of the 48th Legislature, 1943, p. 32, uses the same language as the amendatory act of 1919, i. e., "elections herein provided for", and therefore refers to the election of directors provided by Section 72 of the original Act of 1917.

The original Act provided for the appointment of Assessor and Collector of the District by the Directors. Sec. 15. This section was amended by Chap. 53, Acts of the 4th Called Session of the 35th Legislature, 1918, p. 126, so as to provide that the Assessor and Collector might be elected at an election held for that purpose ordered by the directors. This amendment is incorporated in art. 7642, R.C.S., Vernon's Ann.Civ.St. art. 7642. Since this amendatory act was effective when the amendment of 1919 was enacted, such election was an "election herein provided for" within the purview of the 1919 and 1943 amendments

and the Act of 1943 therefore refers to such election. We therefore overrule appellants' point that the Court erred in holding that art. 7631, as amended by Chap. 30, Acts of the 48th Legislature, 1943, was applicable to the annual election of officers to govern the district.

Appellants attack the constitutionality of art. 7631, as amended on the ground among others, that it violates Section 2 of Article 6, the suffrage clause of the Constitution of this State, Vernon's Ann.St.

If Section 2 of Article 6 of the Constitution is applicable to the election here involved, then clearly art. 7631, R.C.S., as amended by Chap. 30, Acts of the 48th Legislature, Regular Session 1943, contravenes the qualifications of suffrage prescribed by the Constitution. The suffrage clause is restrictive in its operation and its legal effect is to deprive the Legislature of authority to take from or add to the therein defined qualifications of electors. Koy v. Schneider, 110 Tex. 369, loc. cit. 440, 218 S.W. 479, 221 S.W. 880. The Statute cannot impose additional qualifications. Texas Power & Light Co. v. Brownwood Public Service Co., Tex.Civ. App., 111 S.W.2d 1225, loc. cit. 1226(1-3) and authorities there cited. (Wr. ref.)

That the Statute here involved attempts both to add to and to take from the qualifications of electors prescribed by Sec. 2 of art. 6 of the Constitution is apparent. It adds to those qualifications the additional qualification that the elector must own taxable real property within the District. It removes from the qualifications prescribed by Sec. 2 of art. 6 the qualification that the elector must have resided the last six months preceding the election within the District in which he offers to vote. As we construe the Statute it clearly contemplates that persons who are residents of the county who own taxable real property within the District may vote although such persons do not reside within the District. Under the record here no vote of such elector is challenged, and their disqualification is not involved. It is only the disqualification of electors who reside in the District but own no real property therein that is involved. Therefore, the serious

question presented is whether the suffrage amendment, Section 2 of Article 6, is applicable to the election of directors and a Tax Assessor and Collector of a water improvement district created under Chapter 87, Acts of the 35th Legislature, 1917, and amendments thereto, for the purposes therein specified and also for all other purposes authorized by Sec. 59(a)(b)(c) of the Constitution. Conservation and Reclamation Amendment 1917. Ward County Water Improvement Dist. No. 2, v. Ward County Irrigation Dist. No. 1, Tex. Civ.App., 222 S.W. 665.

In Koy v. Schneider, supra, it was held that Sec. 2 of Art. 6 had no application to a primary election. The court followed the classification made in Waples v. Marrast, 108 Tex. 5, 184 S.W. 180, L.R.A. 1917A, 253, of elections which are governmental and those which are non-governmental, holding that Sec. 2 of art. 6 applied only to the former, which did not include a primary election. By the express provision of the Constitutional Amendment of 1917, art. 16, § 59(b), Water Improvement Districts are governmental agencies and bodies politic, with powers of government and authority to exercise such rights, privileges and functions as may be conferred by law. Among these powers is the power to tax all property, real and personal, within the District. See Texas & Pacific R. Co. v. Ward County Irrigation Dist., 112 Tex. 593, loc. cit. 604, 251 S.W. 212, citing Wharton County Drainage Dist. No. 1 v. Higbee, Tex.Civ.App., 149 S.W. 381, Dallas County Levee District No. 2 v. Looney, 109 Tex. 326, 207 S.W. 310, and Hester & Roberts v. Donna Irrigation Dist., Tex.Civ.App., 239 S.W. 992, 995.

The governing board of such Districts is composed of its Directors. They control all matters pertaining to the business of the District. They may appoint the Tax Assessor and Collector of the District or may order an election to select such Assessor and Collector. The election of directors and a Tax Assessor and Collector is governmental rather than non-governmental. The elected directors and Tax Assessor and Collector become the duly constituted offi-

cers of the District just as any other elected officers at a general election. Therefore, under the reasoning of Koy v. Schneider, supra, Sec. 2 of Art. 6, the suffrage provision of the Constitution would be applicable and controlling. However, Chap. 87, Acts of the 35th Legislature, and amendments thereto was enacted under Constitutional authority. See 44 Tex.Jur., Sec. 173, pp. 256, et seq. It is a statute enacted pursuant to Constitutional authority, relating among others to Water Improvement Districts. It does not relate to elections generally, and therefore the suffrage provision of the Constitution has no application to it. Schrock v. Hylton, Tex.Civ.App., 133 S.W.2d 175, 176, loc. cit. 177(2-4) citing Wallis v. Williams, 101 Tex. 395, 108 S.W. 153.

As pointed out, under the original Act the Assessor and Collector was not elected at all, but was appointed by the directors. Section 15. Under the amendment of 1919, art. 7642, R.C.S., this officer may yet be appointed by the directors. If this provision does not contravene the suffrage provision of the constitution, and we think it does not, since it was enacted pursuant to Constitutional authority, then art. 7631, as amended by Chap. 30 of the Acts of the 48th Legislature providing that electors for this office must own real property within the District, certainly does not violate Sec. 2 of art. 6 of the Constitution, since this Section has no application to such an election. The same is true as to the requirement that electors for the directors own property within the District, and we think it necessarily follows that the requirement of Sec. 2 of art. 6 that electors shall have resided in the District the last six months preceding the election has no application. Appellee seems to concede that if the Statute attempts to do away with this requirement it would contravene the Constitution, but we hold otherwise.

Appellants contend that the Statute violates Sec. 1 of the 14th Amendment to the Constitution of the United States because it discriminates against owners of personal property within the district, such property being subject to taxation by the District, but denying them the privilege of voting for officers who shall manage the affairs of the district. The privilege of voting in the election of officers who manage the affairs of such District is not one of those privileges protected by the 14th Amendment. Breedlove v. Suttles, 302 U.S. 277, 58 S.Ct. 205, 82 L.Ed. 252.

The Statute relates to the creation of districts which shall primarily benefit real estate, and we think fittingly delegates the authority to determine questions arising in the government of such districts to the owners of the land to be primarily benefited thereby. Such was the holding in Bethune v. Salt River Valley Water Users' Ass'n, 26 Ariz. 525, 227 P. 989. Such classification is not arbitrary, but based on the primary purpose for which the District was organized.

The reference in the caption of the amendatory act of 1943 to the number of the article of Revised Civil Statutes which was amended was sufficient to comply with Sec. 36 of art. 3 of the Constitution, English & Scottish-American Mortgage Inv. Co., v. Hardy, 93 Tex. 289, 55 S.W. 169 and the emergency clause is sufficient to satisfy art. 3, § 39 of the Constitution. Day Land & Cattle Co. v. State of Texas, 68 Tex. 526, 4 S.W. 865.

It follows, therefore, that we overrule all of appellants' points and affirm the judgment of the trial court.

Affirmed.

On Appellants' Motion for Rehearing.

We have concluded that we were in error in affirming the trial court's judgment in this case. We erred in holding that the suffrage amendment, art. 6, § 2 of the Constitution of this State, Vernon's Ann.St. had no application to the election here involved. The cases of Schrock v. Hylton, Tex.Civ.App., 133 S.W.2d 175, cited by us, and Wallis v. Williams, 101 Tex. 395, 108 S.W. 153 there cited are not controlling. There the construction of statutes was involved, but here it is the Constitution. We agree with appellants that the constitution must be construed as a whole and that when so construed there is no conflict between art. 6, § 2, the suffrage provision, and art. 16, § 59, the Conservation and

Reclamation Amendment, and hence art. 6, § 2 is applicable to statutes enacted pursuant to art. 16, § 59(b) and prior constitutional authority. This being so, as pointed out in our original opinion, art. 7631, as amended by Chap. 30, Acts of the 48th Legislature is in conflict with art. 6, § 2 of the Constitution and therefore the Constitution controls. Appellants' motion for re-hearing is granted, our former judgment is set aside; the judgment of the trial court is reversed and judgment here rendered for appellants. It is so ordered. Reversed and rendered.

PRICE, Chief Justice.

I concur in the opinion of Associate Justice McGill on rehearing and in the granting of the motion and reversing our judgment and rendering the case in favor of appellants. However, in this concurring opinion I desire to briefly state my views.

The nature and result of the case are fully and fairly stated in the original opinion of Justice McGill, wherein the judgment of the trial court was affirmed, which was as follows:

"This is an appeal from a judgment of the District Court of Ward County, rendered in an election contest filed in that Court. The contest was of an election held on January 8, 1952, for the office of Tax Assessor and Collector of Ward County Water Improvement District No. 2, and of one Director of the District. Upon a canvass of the election returns appellant Snelson was declared elected as Tax Assessor and collector and appellant White as a Director of the District. The trial court deducted from the votes cast 104 votes of persons who did not own taxable real property within the District, as required by Art. 7631, R.C.S., Vernon's Ann.Civ.St. art. 7631. Such deduction changed the result of the election."

Appellants attack the constitutionality of art. 7631, as amended on the ground, among others, that it violates Section 2 of Article 6, the suffrage clause of the Constitution of this State.

If Section 2 of Article 6 of the Constitution is applicable to the election here involved, then clearly art. 7631, R.C.S. as amended by Chap. 30, Acts of the 48th Legislature, Regular Session 1943, contravenes the qualifications of suffrage prescribed by the Constitution. The suffrage clause is restrictive in its operation and its legal effect is to deprive the Legislature of authority to take from or add to the therein defined qualifications of electors. Koy v. Schneider, 110 Tex. 369, loc. cit. 440, 218 S.W. 479, 221 S.W. 880. The Statute cannot impose additional qualifications. Texas Power & Light Co. v. Brownwood Public Service Co., Tex.Civ.App., 111 S.W.2d 1225, loc. cit. 1226(1-3) and authorities there cited. (Wr. ref.)

That the statute here involved attempts both to add to and to take from the qualifications of electors prescribed by Sec. 2 of art. 6 of the Constitution is apparent. It adds to those qualifications the additional qualification that the elector must own taxable real property within the District. It removes from the qualifications prescribed by Sec. 2 of art. 6 the qualification that the elector must have resided the last six months preceding the election within the District in which he offers to vote.

The Legislative authority for the creation of water improvement districts is to be found in art. 16, § 59. Paragraph (b) thereof provides:

"There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

Article 3, § 52 of the Constitution adopted in 1904 is deemed to have some bearing on the question. Therein certain subdivisions of the State, including, in our opinion,

water improvement districts, are authorized to create debts, provided that same be authorized by a vote of the resident property taxpayers who are qualified electors in such district or territory. It is contended here by appellants that the suffrage provision of the Constitution applied to the election herein contested, and that the trial court was in error in holding in accordance with art. 7631 as amended in 1943 that only persons residing in the county and owning real estate within the boundaries of the district were entitled to vote. Section 1 of art. 6 provides who shall not be allowed to vote. Section 2 confers the right of suffrage. With this explanation Section 3 in substance provides that in all elections to determine the expenditure of money or assumption of debt, only those shall be qualified to vote who pay taxes on property in said city or incorporated town.

In pursuance of Section 59(a), (b) and (c) of art. 16, the Legislature organized a number of districts therein authorized, and provided for the residents of the proposed districts to take steps to organize as such. It was provided in art. 7631 before its amendment that in an election seeking the creation of a district that none but resident property taxpayers who are qualified voters under the laws of the State shall be entitled to vote. In 1943 this Article was amended. In the amendment it is provided that at such election none but persons residing in the counties wherein the district is located who own taxable real estate within the district and who are qualified voters of the county under the laws of the State shall be entitled to vote. It was under and by virtue of this amendment that the trial court held that 104 votes cast at the election were illegal votes in that the voters did not own taxable real property within the district. The provision is found closely associated with an organization election. Art. 7633, Vernon's Ann. Civ.St., provides it is the duty of the County Tax Collector before the election for organizational purposes to make out a poll list of property tax-paying citizens. After the district has been organized the Tax Collector of the District should make out the certified list of voters to furnish to the election judge provided for. Art. 7642 provides that the Tax Assessor and Collector of the district may be appointed by the directors or on the order of the directors may elect at an election held for that purpose. Art. 7718 provides for a general election in all water improvement districts on the second Tuesday in January, 1926, and every two years thereafter, at which time there shall be elected five directors for each district. Art. 7718(b) provides how candidates for directors may get their names on the ballot.

A water improvement district is just what the Constitution says:

"* * * which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

That such is their nature was authoritatively decided by the Supreme Court in the case of Willacy County Water Control Improvement District No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936. The directors and officers are public officers. Engleman Land Co. v. Donna Irrigation Dist., Tex.Civ.App., 209 S.W. 428, wr. denied.

We are here concerned with an election provided for in art. 7718, and not an election to authorize the formation of a district or to create an indebtedness. It may be fairly assumed, we think, that the directors of the district ordered that the Tax Assessor and Collector be selected by an election. This district by its very nature is a part of the State, a governmental subdivision thereof. The officers are officers of the State in a broad general sense.

It may be that the direct object of the district is for the benefit of the land, but for the sustaining of the district personal property of residents thereof may be taxed. Texas & Pacific Ry. Co. v. Ward County Irrigation Dist., 112 Tex. 593, 251 S.W. 212.

A water improvement district is not a private corporation. It is endowed with the power to raise money by taxation. If none

were allowed to vote but residents of the county who own real estate in the district, it would have the effect of depriving those subject to taxation, residents in the district, of having a voice in the selection of its officers. In our opinion Section 59 of art. 16, Constitution, does not empower the Legislature to override the suffrage provisions of the Constitution. Further, if art. 7631 applies to biennial elections for the selection of officers it conflicts with the suffrage amendment, Sections 1 to 5, art. 6 of the Constitution. The Constitution governs. If it does not apply, the statute relating to water improvement districts does not provide for, at a biennial election for the selection of officers, the disfranchisement of every one who does not own real estate in the district and are residents of the county. In our opinion the trial court erred in holding the 104 voters disqualified, and disregarding their ballots.

The disqualification of these voters was under the provisions of art. 7631 as amended. No other ground was urged or intimated. It was agreed that of the 127 votes charged to be illegal, 17 of that number did own taxable real property within the district and were legal voters; that 104 of such number did not own real property within the district but were otherwise qualified voters in the district, and that it was doubtful whether or not six of the number did so own real property. The trial court determined that the six were qualified voters under the provisions of the Article. The court, as stated, determined and held that 104 who did not own real property were disqualified under art. 7631 and deducted such number from the total number of votes cast in said election. On the basis of a recount and determination of legal votes cast, Murray was declared to have received 123 votes and Snelson 103, and Murray adjudged to have been elected.

The trial court found of the 104 voters who did not own taxable real property within the district that Snelson received 66 of such votes and Murray 33, or a majority of 33 of such votes for Snelson. On the basis of the total votes cast Snelson had 169 and Murray 156, and White 157 and Kugel, Jr. 145, whereas on the basis of the

votes counted after the elimination of the non real property-owning voters, Kugel received of such votes 107 and White 94— in short, if all votes cast be counted Snelson and White were each elected as declared by the official returns and count, and should have been so found in the judgment of the trial court.

SUTTON, J., authorizes me to say that he concurs in the views herein expressed.