**POLK et al. v. VANCE et al.**

No. 14331.

Court of Civil Appeals of Texas. Dallas.

May 25, 1951.

Rehearing Denied Jan. 15, 1952.

McNees & McNees, Dallas, for appellants.

Shirley W. Peters, Dallas, for appellees.

BOND, Chief Justice.

This suit was begun by Joe A. Irwin in a district court of Dallas County against the City of Eagle Ford, Eugene Vance, Mayor, and J. M. Fisher and J. C. Spencer, Commissioners of said City, for a writ of injunction permanently enjoining the City and its purported officials from levying or assessing any taxes upon any of his property located within the said City and from fixing or attempting to fix any tax lien thereon for the year 1950; and, to that end, for declaratory judgment establishing the true status of said City as a legal municipality. Subsequently, Ernest Polk and several other purported resident taxpaying citizens residing within said area intervened, seeking the same relief as to their properties and the status of said City. The Attorney General of Texas was vouched into the suit, and filed answer disclaiming for the State of Texas any interest in the subject-matter in litigation; reserving, however, the right as amicus curiae to file brief if in his opinion same became necessary.

The primary issue involved in respect to the plaintiff's and interveners' petitions and the evidence submitted, is that the City of Eagle Ford was not a corporate municipality on January 1, 1950, perforce of an election on November 23, 1946 abolishing its existence; hence without authority to assess for taxation properties within its limits. The defendant City, through its purported mayor and commissioners, countered that the dissolution election of November 23, 1946 and all proceedings incident thereto are void; hence the corporate existence of the City of Eagle Ford theretofore existing was not affected by such election.

The case was tried to the court without aid of a jury and a declaratory judgment entered to the effect that the election held on November 23, 1946 and the order of the County Judge canvassing the returns of such election and declaring the majority of the votes cast in favor of abolishing the City and ordering the City abolished, are void; thus declaring the City a duly constituted and existing municipality, as a city and town in accordance with the provisions of Ch. 12, Title 28, Rev.Civ.Sts. of Texas, Vernon's Ann.Civ.St. art. 1154 et seq. To the judgment thus entered, the plaintiff-interveners (the original plaintiff Joe A. Irwin seems to have withdrawn from the case) duly perfected this appeal, and they (appellants) will be hereinafter designated as plaintiffs; the City and its purported officials (appellees) as defendants.

The record in this appeal shows that prior to the election of November 23, 1946 the City of Eagle Ford was an existing municipal corporation duly incorporated by an election held on August 23, 1946 as a city and town under the provisions of Ch. 12, Title 28, supra. Thereafter on October 18,

1946 a petition with 54 signatures was presented to the County Judge of Dallas County in the manner provided by law, Art. 1241 et seq., R.S., calling for an election to abolish the corporate existence of said City of Eagle Ford, the petition reciting that the petitioners "are each resident citizens of the City of Eagle Ford, Texas, residing within the corporate limits thereof. * * * That the undersigned constitute a majority of all qualified voters who are actual bona fide residents and property taxpayers residing within the corporate limits of said City." Art. 1242. On said petition the County Judge entered order reciting: "It appearing that there are less than 100 inhabitants within the corporate limits of said City who are qualified voters and property taxpayers therein according to the last tax assessment rolls of said City, and that said petition bears a majority of all qualified voters who are actual bona fide residents and property taxpayers residing within the corporate limits of said City, and it further appearing that said petition is in every respect in conformity with the law and sufficient to authorize the calling of such an election and the facts set out in said petition are hereby found to be true." In accordance with such findings, the County Judge ordered the election to be held at a designated time and place (on November 23, 1946) in conformity with the law, "For the purpose of determining whether or not said City of Eagle Ford shall abolish its corporate existence as a municipal corporation * * *." On said date the election was had, at which election there were 40 votes cast "for abolishing the municipal corporation," and 9 votes "against abolishing the municipal corporation." On the returns of such election the County Judge declared the result and entered order upon the minutes of the Commissioners' Court abolishing the municipality.

At the time of and prior to the dissolution proceedings and the orders dissolving the corporation (a period of about three months—from August 24, 1946 to November 23, 1946), the mere fact that the City had not assessed and collected taxes, or compiled tax assessment rolls prior to said election, are no deterrents as to prevent its dissolution by a majority of eligible voters having property subject to taxation within the City limits. The corporate existence of the City was, in our opinion, effectively abolished by virtue of the election held November 23, 1946.

A tax "assessment roll," as provided by statute, Art. 1243, showing property taxpayers in a city or town, is merely a directory provision in aid of the County Judge and election judges to determine who owns property within the defined area, and thereby eligible to vote at such election; not a restrictive mandatory provision as to disqualify citizens in the area and to make the right of election to abolish the corporation nugatory. The statute providing that resident property taxpayers in the city or town, "as shown by the last assessment roll of such city or town, shall be entitled to vote at such election", should not be held to prevent petitioners for an election, or voters at such election from exercising their right of suffrage simply because the city or town authorities have not compiled a tax "assessment roll," where such petitioners or voters are otherwise eligible. If a voter is a qualified voter, that is, qualified by having a poll tax, being a resident of the area for a sufficient period of time, and otherwise qualified under the laws of this State, and owns property therein on the first day of January of the year he offers to vote, we do not believe the Legislature intended that such provision should absolutely destroy the right and authority of such property-owners to hold an election to abolish the City; especially so, where the City, as here, has not compiled such assessment roll. To hold otherwise, the resident property-owners and otherwise qualified voters would, at the behest of the City officials, be deprived of the right to abolish the corporation. For the year 1946, the City of Eagle Ford did not assess and collect any taxes; it had no legal right to do so; and, manifestly, the City officials could not well anticipate an election as to require a compilation of a tax assessment roll for consideration of the judge in calling the election or to qualify the resident property-owners to vote in such election. Only where a tax "assessment roll" has been compiled by a city, and the

872

resident property taxpayers do not appear thereon and have not paid property taxes to the City, does the provision have advisory application. The provision must be given a rational construction,—it could not mean that the City or resident property-owners could not hold an election to abolish the City until the City had actually assessed taxes, or that the City could never be abolished unless property within its area had been assessed for taxes.

█ Appellants further contend that the trial court erred in holding the dissolution proceedings void because the election was ordered in less than one year from the election to incorporate, contravening Art. 1134, R.S. This article has only to do with the mode of incorporation, under Ch. 11, Title 28, and covers the election to incorporate; in such case, "A new election shall not be ordered in less than one year." Such provision has no application to an election to abolish a city theretofore incorporated. We sustain appellants' contention.

█ Appellants further contend that the trial court erred in holding that the election abolishing the City was predicated on lack of evidence that a majority of the voters voting at the election were qualified property taxpayers of the city; therefore void. The orders of the County Judge calling for the election and declaring the result of the election by the statutory number of qualified petitioners and voters, are conclusive, in absence of allegations of fraud practiced upon the County Judge. There is no such allegation, and no evidence challenging the sufficiency of the petition or the qualification of any voter at the election. Thus the orders of the County Judge cannot be attacked in a suit of this nature. Irregularities in the initiatory steps and the regularity and validity of an election can be urged only in a statutory election contest. The error here presented is that the petition for election was not signed by the requisite number of resident freeholders of the designated area. The voters at said election, not having been challenged in pleading and proof, we must give full credence to the findings of the County Judge. We have carefully considered this record from all phases of the legality of the election abolishing the city corporation, with all the alleged irregular initiatory steps of the County Judge, and have reached the conclusion that the City of Eagle Ford was legally abolished by the election of November 23, 1946; hence without authority to assess and collect taxes for city purposes. Therefore the judgment of the trial court declaring the election dissolving the corporation void and the City a duly incorporated municipal corporation, is set aside; and, in accordance herewith, judgment is here entered denying to the appellees the right to assess and collect taxes against appellants' property and to otherwise function as an incorporated city.

Reversed and rendered.

## On Rehearing

PER CURIAM.

Pending appellees' motion for rehearing, this Court certified to the Supreme Court certain questions material to the issues involved, to which the Court gave affirmative answers in consonance with our opinion. Tex.Sup., 243 S.W.2d 829. Therefore appellees' motion for rehearing is overruled.