JAMES B. JOHNSON v. MARTIN, WISE & FITZHUGH.

No. 6342.

1.   **Public Weighers—Constitutional Law.**—Section 1 of Act of 1883 amendatory of the Act of 1879 relating to public weighers is not unconstitutional in providing: "In all cities or towns or railroad stations which receive annually less than 100,000 bales of cotton, the County Commissioners Courts of the counties in which said cities, etc., are situated, should the Commissioners Court deem the same necessary to protect the sellers, may order an election   *   *   *   for one or more public weighers."

1.   It is not a delegation of legislative power as to whether such offices shall exist.

2.   The Commissioners Courts merely have the right to put the law in force by having an election for the officers who were to execute the law.

3.   Such discretion to the council boards of subordinate branches or divisions of the government is not unusual and is not unconstitutional.

4.   The privilege of the electors of a district to be affected by a law, to say whether they will accept its provisions, the law giving them the right to accept or reject, is now generally permitted and regarded as constitutional.

Vol. LXXV — 3

2.  **Constitutional Law.**—It is well settled that the Legislature can not delegate its power to make laws by submitting the question of their enactment to the popular vote, but it does not follow that the Legislature has no authority to confer a power upon a municipal corporation and authorize its acceptance or rejection by the municipality according to the will of its voters.   42 Texas, 22.

3.  **Same—Amendment of Statute.**—The inhibition in the Constitution, article 3, section 36, that "no law shall be revived or amended by reference to its title; but in such cases the act revived or the section or sections amended shall be re-enacted and published at length," etc., does not apply to an act perfect in itself and covering the subject matter of a former act, e. g., Act of 1879 substituting Act of 1875 relating to public weighers.

4.  **Same—Caption of Bill.**—The provision (article 3, section 35 of the Constitution) "that a bill shall not contain more than one subject, which shall be expressed in its title," requires only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained.  Any provision calculated to carry the declared object into effect is admissible, e. g., a mode of redress for invasions of the duties of the office is included in the general object of creating the office.

5.  **Same—Local Laws**—Sections 1 of Act of 1879 and of Act of 1883 relating to public weighers and providing for elections, etc., over the State, are not local but general laws, at least so far as providing for the election of public weighers.

6.  **Revised Statutes and Other Acts of Sixteenth Legislature.**—Section 20 of the Final Title of the Revised Statutes provides that any law passed by the Sixteenth Legislature in conflict with any provision of this act shall be the law of the State, this act to the contrary notwithstanding; wherefore, the Act of February 21, 1879, and article 408 of Revised Statutes are to be construed together; the act, however, of February 21, 1879, being the law as to whatever is covered by it.

7.  **Public Weigher.**—An elected public weigher is entitled to protection in his office, and can maintain an action for damages under the statutes giving them.


APPEAL from Lamar.   Tried below before Hon. D. H. Scott.
The opinion states the case.


*Hale & Hale* and *R. Wooldridge,* for appellant. — 1. The first section of the Act of 1883 is not an attempt to delegate legislative power to the Commissioners Court, or to authorize said court to create an office; nor is the same unconstitutional.   Acts 1883, p. 83; Acts 1879, ch. 108, sec. 8, p. 116; San Antonio v. Jones, 28 Texas, 32; Ex Parte Mato, 19 Texas Ct. App, and authorities cited; Watts v. State, 61 Texas, 184; Aulanier v. Governor, 1 Texas, 653; Cool. Const. Lim., 5 ed., pp. 218–22; Sutherland v. De Leon, 1 Texas, 250.

2.   The Act of April 19, 1879, is not unconstitutional, is not obnoxious to sections 35, 36. or 56 of article 3 of the Constitution, and is not an attempt to amend a repealed law, and therefore it is not invalid.  The Act of April 19, 1879, took effect July 24, 1879.   The Act of March 15, 1875, was carried into the Revised Statutes and with the entire code took effect September 1, 1879.   The code was adopted and also the Act of April 19, 1879, was passed by the same Legislature.

3.   As the court below held, we think the Act of April 19, 1879, valid, because the Revised Statutes and said act were both the work of the

Sixteenth Legislature and must stand together. At least the Act of April 19 is valid. If there was otherwise any doubt about it, reference to section 20, Final Title, Revised Statutes, p. 719, would, we think, set the doubt at rest. By reference to a note at the head of Title 82, p. 587, Revised Statutes, it will be seen that chapter 108, Acts of 1879, was by section 20, Final Title, made the law, and valid without reference to the Act of 1875. Dall., 401; 1 Texas, 21; 28 Texas, 713; 5 Texas, 418; 31 Texas, 287; 45 Texas, 236; 3 Texas Ct. App., 170. Besides the code did not take effect until September 1, 1879, and hence the Act of 1875, if repealed at all, could not have been repealed at the date of the Act of April 19, 1879.

*Burdett & Connor* and *J. M. Long,* for appellees.—1.   Section 1 of the act of 1883 (acts 1883, p. 83) is clearly an attempt by the Legislature to delegate to the Commissioners Court in the several counties of this State the authority to create the office of public weigher. Const., art. 2, sec. 1; Acts 1883, sec. 1, p. 83; The State vs. Swisher, 17 Texas, 441; Cool. Const. Lim., 5 ed., 144; The State vs. Field, 17 Mo., 529; Ex Parte Wall, 48 Cal., 279; People vs. Townsend, 56 Cal., 637; Los Angeles v. Railway, 61 Cal., 64; People v. Parks, 58 Cal., 624; Logan v. Solana Co., 65 Cal., 124; People v. Lynch, 51 Cal., 28; 42 Md., 110; Locke's Appeal, 72 Pa. St., 491; Lamert v. Lidwell, 62 Mo., 188; The State v. Weir, 33 Iowa, 134.

2.   Plaintiff's petition shows no cause of action under section 8 of the Act of April 19, 1879. (Acts 1879, p. 116.) Plaintiff's petition alleges that he was elected public weigher for Lamar County at a regular election. Section 8 of the Act of 1879 gives a right of action to all public weighers "regularly appointed and qualified."

3.   The court erred in overruling defendants' (appellees') special exception "that the Act of 1879 and the amendment of 1883, creating the office of public weigher, etc., are unconstitutional because they seek to amend a law merely by reference to its title." Const., art. 3, sec. 36; Acts 1875, p. 162; Acts 1879, p. 116; Acts 1883, p. 83; March v. The State, 44 Texas, 64; 57 Texas, 534; Pool v. Wedemeyer, 56 Texas, 287; Cain v. The State, 20 Texas, 365; Sartain v. The State, 10 Texas, 651; The State v. Moore, 57 Texas, 307; Cordova v. The State, 6 Texas Ct. App., 207; Walker v. The State, 7 Texas Ct. App., 245; 1 Texas Ct. App., 226; 12 Texas Ct. App., 550; Cool. Const. Lim., 5 ed., p. 181–83.

4.   "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title." Const., art. 3, sec. 35; Acts 1875, p. 162; Acts 1879, p. 116; Acts 1883, p. 83; San Antonio v. Gould, 34 Texas, 49; Cannon v. Hemphill, 7 Texas, 184; Giddings v. San Antonio, 47 Texas,

548; Peck v. San Antonio, 51 Texas, 490; Breen v. Railway, 44 Texas,. 302; Ex Parte Mabry, 5 Texas Ct. App., 93; Roddy v. The State, 16 Texas Ct. App., —; Austin v. Railway, 45 Texas, 266–72; The State v. Shadle, 41 Texas, 405; People v. Parks, 58 Cal., 635, *et seq.;* Cool. Const. Lim., 5 ed., pp. 96–98, 170–181.

5.   No law shall be revived or amended by reference to its title.

6.   The Legislature has no power by local law to create any office in any county or counties in this State nor to enact any local or special law upon any subject to which a general law can be made applicable.   Section 1 of the Act of 1883, is virtually a local law.   It creates the office of public weigher in such only of the counties as may, through their Commissioners Courts, order the election of such officer.   Acts 1883, p. 83; Const., art. 3, sec. 56; Beyman v.. Black, 47 Texas, 559; Ex Parte Wall, 48 Cal., 279; March v. The State, 44 Texas, 64; Cordova v. The State, 6 Texas Ct. App., 207; Pool v. Wedemeyer, 56 Texas, 287; Cain v. The State, 20 Texas, 355; Walker v. The State, 7 Texas Ct. App., 245; Const., 1875, secs. 35, 36, art. 3; The State v. Moore, 57 Texas, 307, in substance holding that legislative construction, though not binding, is, entitled to great weight.

7.   Appellees, by way of replication and in answer to appellant's brief, call attention of the court to the exact language used in the law of April 12, 1883, which reads as follows:   "Should the Commissioners Court deem the same necessary to protect sellers, may order an election at which all the qualified voters of the county may vote for one or more public weighers."   The powers of the government of Texas, under the Constitution of Texas, consist of three departments, legislative, judicial, and executive, and are each separate and distinct, and no person or collection of persons being one of these departments shall exercise any power properly attached to either of the others, except in the instances expressly permitted in said Constitution of 1875 (art. 2, sec. 1, p. 508, Sayles's Anno. Const.), which provision of our Constitution is sustained by the Supreme Court of California in case of Ex Parte Wall, of date September 28, 1874.   48 Cal., 279, *et seq.*

The Legislature has no more right to refer such a question to the whole people than to a single individual.   The people are sovereign, but their sovereignty must be executed in the mode pointed out by the Constitution. The following authorities are cited in said opinion:   Ex Parte Wall, 48 Cal., 279; 8 N. Y., 483, 479; 18 N. Y., 38; 23 N. Y., 439; 28 N. Y., 605; 15 Barb., 112, 122; 6 Pa. St., 507; 8 Pa. St., 391; 72 Pa. St., 491; The State v. Wilcox, 45 Mo., 459; Rice v. Foster, 4 Han., 479; The State v. Copeland, 3 R. I., 33; Railway v. Commissioners, 1 Ohio (N. S.), 77; People v. Collins, 3 Mich., 343; Santo v. The State, 2 Ia., 165; 5 Ia., 49; 9 Ia., 203; 33 Ia., 134; Maize v. The State, 11 Ind., 482; The State v. Swisher, 17 Texas, 441; The State v. Parker, 26 Vt., 362.

COLLARD, JUDGE.—On the 6th day of November, 1886, appellant brought suit against appellees for one hundred and thirty thousand dollars damages.    Plaintiff's petition alleges that on the 4th day of November, 1884, he was duly elected public weigher for Lamar County, and that he qualified as such and entered upon the duties of the office in the city of Paris; that defendants were then and now are partners, engaged in buying cotton; that during the latter part of the year 1885 and the first part of the year 1886 the defendants unlawfully, and without instructions or consent from the owners thereof, employed one P. M. Speairs and one A. B. Long to weigh bales of cotton in the city of Paris, and that said employes under such employment did weigh 18,000 bales of cotton in said city, brought to said city by the owners thereof for sale, and by them offered for sale; and that said cotton was not the property of the said Martin, Wise & Fitzhugh, or either of them, or of the said Speairs or the said Long; to plaintiff's damage $90,000.

Plaintiff also alleged that during the latter part of the year 1886 the defendants so unlawfully employed the said P. M. Speairs to weigh cotton in said city of Paris, and that he did weigh 8000 bales, which were brought by the owners to said city and offered for sale; that neither of the defendants nor the said P. M. Speairs was a public weigher or the deputy of a public weigher; to plaintiff's damage $40,000, making a total damage to plaintiff of $130,000.

On the 8th day of April, 1887, defendants answered: First.    General demurrer.    Second.    Two special exceptions; the first of which is, because there is no such office as a public (cotton) weigher in Lamar County, Texas, created by law under the Constitution and laws of Texas, and because the Legislature could not delegate the power of creating said office to the Commissioners Court of Lamar County; second, because the statutes of 1879, approved April 19, 1879, and of 1883, approved April 12, 1883, are unconstitutional and in conflict with sections 35, 36, and 56 of article 3 of the Constitution.

Upon hearing the demurrer and special exceptions the court sustained them upon the ground that section 1 of the Act of 1883 was unconstitutional and void "in so far as it attempts to confer upon the Commissioners Court the authority to create the office of public weigher, either by appointment or ordering an election therefor."    So the court gave final judgment for the defendants upon the demurrer and exceptions.

Upon this ruling of the court the plaintiff appealed and assigned errors.

Section 1 of the Act of 1883, amendatory of the Act of 1879, reads as follows:    "The Governor is hereby authorized and required to appoint five competent persons as public weighers in every city which receives annually over one hundred thousand bales of cotton on sale or for shipment.    In all cities or towns or railroad stations which receive an-

nually less than one hundred thousand bales of cotton, the County Commissioners Courts of the counties in which said cities and towns or railroad stations are situated, should the Commissioners Court deem the same necessary to protect the sellers, may order an election, at which all the qualified voters of the county may vote, for one or more public weighers; provided, that the County Commissioners Court may provide by appointment for cotton weighers, to hold office until the next general election, and until their successors are qualified; provided, that if any election is held under the provisions of this act before the next general election, the terms of office of those so elected shall expire at the next general election, or so soon thereafter as their successors are elected and qualified; provided, that in towns and railroad stations outside of county seats the County Commissioners Court may appoint one or more public weighers; provided, nothing herein contained shall be construed so as to prevent any other person from weighing cotton, wool, or hides when requested so to do by the owner or owners thereof. All public weighers shall hold their offices for two years and until their successors are appointed or elected, as the case may be, and qualified, subject to removal," etc. Section 2 of the act requires weighers so appointed to qualify and give bond. Gen. Laws 1888, pp. 83, 84. Section 1 of the Act of 1879 required the Governor to appoint public weighers in certain cities named, "and at such other incorporated cities or towns as in the judgment of the Governor may be expedient, who shall hold his office two years, and until his successor is appointed and qualified," etc.

It is not unusual to provide for an office by a requirement that there shall be an election by the qualified voters for the officer. The offices of county attorney and sheriff are so created by our Constitution. Const., art. 5, secs. 21, 23. This, however, is not the question before us. It is not contended by the appellees in support of the judgment below that the law would have been unconstitutional if it had been mandatory, that is, if it had commanded the Commissioners Court to order the election, but that the law is unconstitutional because it left the expediency of ordering the election to the discretion of the Commissioners Court, thereby delegating to them the legislative power. The position of the appellees is untenable. The law as it stands was enacted by the Legislature in accordance with constitutional forms, and as a law was complete by the legislative enactment. The Commissioners Court have no power to revise or modify the act in any respect; they merely have the right to put the law in force by having an election—to organize by calling an election for the officer, who is to execute the law as it came from the hands of the Legislature. It might be said that the law is to take effect upon the happening of a subsequent event—that is, the decision of the Commissioners Courts that it is necessary in their respective counties. Such discretion to the council boards of subordinate branches or divisions of the government is

not unusual, and is not unconstitutional. It is allowed to them, because in matters of local regulation it may be fairly supposed "they are more competent to judge of their needs than a central authority." The Legislature can not merely propose a law to be adopted by the people; but where there is affirmative legislation its enforcement in counties, districts, or towns, when the law so provides, may be left to the option of such localities. It might not be allowed to submit a general law to the people of the State at large to all the electors. This has been held to be in violation of the Constitution, which gives to the Legislature the exclusive right to make such laws. See Cool. Const. Lim., 145–47. But even this was held to be legitimate in some cases. Smith v. City, 26 Wis., 291, and cases there cited. The privilege of the electors of a district to be affected by a law to say whether they will accept its provisions, the law giving them the right to accept or reject, is now generally permitted, and regarded as constitutional. People v. Stout, 28 Barb., 349; Dorn v. Wilcox, 45 Mo., 458; Bank v. Brown, 26 N. Y., 470; Ex Parte Wall, 48 Cal., 279; San Antonio v. Jones, 28 Texas, 32.

In the last above case cited Chief Justice Moore said: "The Legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute whose complete execution and application to the subject matter is by its provisions to depend on the assent of some other body, a delegation of legislative power. The discretion goes to the exercise of the power conferred by the law, but not to make the law itself." Id. See authorities cited; and *contra* The State v. Swisher, 17 Texas, 441. In Werner v. City of Galveston, Justice Gaines announces the correct doctrine, and it may be regarded as settled in this State by that case. He says: "It is well settled that the Legislature can not delegate its authority to make laws by submitting the question of their enactment to the popular vote. * * * But it does not follow from this that the Legislature has no authority to confer a power upon a municipal corporation, and authorize its acceptance or rejection by the municipality, according to the will of its voters." 72 Texas, 22; also Graham v. City, 67 Texas, 62.

It is also contended by the appellees, in cross assignment of error, that the Act of 1876 creating the office of public weigher is unconstitutional, because it seeks to amend a law (Act of 1875) merely by reference to its title.

The Constitution (art. 3, sec. 36) provides that "no law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length." The Act of 1879 contains ten sections, each of which is complete in itself. There is no attempt to amend the law of 1875 by reference to its title. The Act of 1879 is entire, and is a substitute for the Act of 1875.

Section 8 of the Act of 1879 declares it unlawful for any factor, commission merchant, or other persons to employ any one other than the public weigher to perform his duties, and provides that any person violating the provision "shall be liable at the suit of the public weigher to damages in any sum not less than five dollars for each bale of cotton," etc. Appellees by cross assignment insist that this section of the act is in violation of article 3, section 35, of the Constitution, which provides that a bill shall not contain more than one subject, which shall be expressed in its title.

The Act of 1875 is entitled "An Act creating the office of public weigher, and regulating the appointment and defining the duties and liabilities thereof."

The Act of 1879 is an act " to amend an act entitled an act," etc., giving the title of the Act of 1875.

Section 8 of the Act of 1875 made it unlawful for any person other than the public weigher or his deputies to weigh cotton, etc., and provided that any person offending against the law should be "fined five dollars for each and every bale of cotton," etc.

The Act of 1879 changed the above provision so as to give the public weigher a right of action for damages against persons violating the law instead of punishing by fine.

Mr. Dillon, in discussing this provision of the Constitution, says: "This provision has been frequently construed to require only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable, although not specially indicated in the title." 1 Dill. on Mun. Corp., 28.

The foregoing rule has been practically adopted in this State. Ex Parte Mabry, 5 Texas Ct. App., 93; Cox v. The State, 8 Texas Ct. App., 254. The provisions of the act said not to be embraced in its title are necessary to the enforcement of the main object of the law. Without some mode of redress to the public weigher, or some mode of punishment of persons violating the law and the rights of the officer, the law would be a dead letter. See Austin v. Railway, 45 Texas, 266, 267.

The appellees also contend that the Acts of 1883 and 1879 are in conflict with section 56, article 3, of the Constitution. The section declares that the Legislature shall not, except as otherwise provided, pass any local or special law "regulating the affairs of counties, cities, towns, wards, or school districts," etc.

Section 1 of the Act of 1879 authorized the Governor to appoint public weighers for Galveston, Houston, Sherman, Dallas, Austin, and Waco, and at other incorporated cities or towns, as in the judgment of the Governor might be expedient. Section 1 of the amended Act of 1883, as has been seen, required the Governor to appoint in every city which receives

annually over one hundred thousand bales of cotton on sale or for shipment; and in cities, towns, or railroad stations which receive less than one hundred thousand bales of cotton annually a discretion is given to the Commissioners Court to order an election by the qualified voters of each county for the election of a public weigher. Plaintiff instituted suit as an *elected* public weigher. There can be no question that the portion of the Act of 1883 under which plaintiff was elected is not in violation of the section of the Constitution quoted above. It is a general law, as we think is the entire section, and it does not attempt to regulate any of the affairs of any particular county, town, or city.

Appellees also contend that the only valid law creating the office of public weigher is the act in the Revised Statutes, page 587, article 4081, etc., which requires the Governor to appoint the officer, passed with the Revised Statutes February 21, 1879, and took effect September 1, 1879; that the Act of April 19, 1879, which took effect July 24, 1879, never became the law, and hence the Act of 1883, which amends sections 1, 2, and 9 of the Act of April 19, 1879, can not have effect, because it did not refer to the statute in force; that plaintiff was elected under the Act of 1883, and so alleges; that he is not, therefore, a public weigher appointed as the law requires, and can not maintain the suit.

The Revised Statutes and the Act of April 19, 1879, were passed by the same Legislature, the Sixteenth, and at the same session.

Section 20 of the Final Title of the Revised Statutes provides that "any law passed by the Sixteenth Legislature in conflict with any provision of this act shall be the law of the State, this act to the contrary notwithstanding." It must be held that the Act of 1879, as amended by the Act of 1883, under which plaintiff was elected and sues, is the act in force.

Because of the error heretofore pointed out in the judgment of the court sustaining defendants' special exceptions to plaintiff's petition, we conclude the same should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 5, 1889.