

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 13, 1957

Hon. Hubert Roach
County Attorney
Aspermont, Texas

Opinion No. WW-219

Re: Validity of the authori-
zation of a tax suffi-
cient to take care of
the maintenance and
interest as well as sink-
ing fund recommended by
Dear Mr. Roach:                     the Commissioners' Court.

The Peacock Rural High School District, through its Board
of Trustees, has requested the Commissioners' Court to levy
a tax of $2.00 on the one hundred dollars' taxable valuation
within the school district. The proposed tax is $.55 for the
payment of bonds and $1.45 for maintenance purposes.

Your question is whether this tax exceeds the limits pre-
scribed by Article 2784(e).

According to the records on file in this office and the
Comptroller of Public Accounts (Registration Number 31344)
the above-named district held an election on July 21, 1956,
to determine if the provisions of Chapter 528 (S.B. 116),
Acts of the 54th Legislature, 1955, p. 1635, should be adopted
by the district. An election was also held to authorize the
issuance of bonds and upon the question of the levy of a main-
tenance tax. The procedure followed by the district has been
approved in <u>King v. Carlton Independent School District</u>,
_____ Tex. ____, 295 S.W. 2d 409 (1956), and the Attorney
General has approved the bonds voted in the election. Attorney
General Bond Opinion Book No. 20, Registration No. 2641 (1956).

Section 3 of Chapter 528, Acts of the 54th Legislature, 1955,
states that the provisions of the Act are cumulative of all
other laws and the Attorney General has heretofore ruled that
this statute presents an alternate method of local financing
in school districts. Attorney General Opinion S-171 (1955).

Chapter 74, Acts of the 55th Legislature, 1957, p. 167, amended Chapter 528, supra, in a manner not material to your particular inquiry, but Section 2 of that Act reads, in part:

> " . . . and the further fact that it is imperative that local districts have the right to proceed under the alternate method of financing without the necessity of needless expenditures creates an emergency . . ."

In Attorney General Opinion S-171, supra, we said:

> "A reading of the entire Act clearly indicates that the Legislature contemplated that Senate Bill 116 and Article 2784(e), Vernon's Civil Statutes, will be considered as alternate methods of securing school bonds which are voted after the effective date of the Act."

We reaffirm that position and you are advised that the provisions of Article 2784(e) are not applicable to the Peacock Rural High School District which has elected to be governed by the provisions of Article 2784(e)-1, V.C.S., as amended.

Under Article 2784(e)-1, V.C.S., as amended, the district may levy a tax of $1.45 for maintenance purposes if the amount of the bonded debt is 7% or less of the assessed value of taxable property within the district as such limitation is imposed by paragraph 1 of Section 1 of Chapter 528 (The district having voted to levy a tax in accordance with Chapter 528 but not to exceed $1.50 per one hundred dollars' valuation).

As for bonds issued under the provisions of Chapter 528, the tax (paragraph 2 of Section 1 of Chapter 528) is unlimited as to both rate and amount in order that it will be "sufficient to pay the interest on and principal of all bonds issued for such purposes."

## SUMMARY

The provisions and limitations contained in Article 2784(e) are not applicable to a school district which has elected to comply with the provisions of Article 2784(e)-1, V.C.S., as amended (Chapter 528, Acts of the 54th Legislature, 1955, as amended by Chapter 74, Acts of the 55th Legislature, 1957). Upon the adoption of the provisions of Article 2784(e)-1, V.C.S., a school district is limited in the levy of taxes for maintenance and additional bonds only by the provisions of Section 1 of that Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Elbert M. Morrow*

Assistant

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

C. K. Richards

F. C. (Jack) Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: Geo. P. Blackburn