

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 14, 1959

Honorable J. C. Zbranek
Chairman, Committee on Counties
House of Representatives
Austin, Texas

Opinion No. WW-665

Re: Constitutionality of
certain provisions of
House Bill 31.

Dear Mr. Zbranek:

You have requested our opinion with regard to the
constitutionality of House Bill 31. This Bill provides
for the creation of a County Building Authority, in coun-
ties where applicable, primarily for the purpose of con-
structing, acquiring, improving, equipping, furnishing,
maintaining and operating a county building to be used
principally as a County Courthouse. The Bill is made ap-
plicable to:

"... counties having a population
in excess of 600,000 according to the last
preceding Federal Census and which have
not constructed a county courthouse within
the last ten (10) years."

You have expressed particular concern as to the
constitutionality of those portions of the Bill which dele-
gate powers with regard to county business now exercised
by the County Commissioners Court to the County Building
Authority in counties where this Bill would be applicable.

Before considering the constitutionality of grant-
ing the powers with regard to certain county business to
the County Building Authority, we feel constrained to point
out the following objections to tne Caption and Section 1
of the Bill as now written:

CAPTION

Section 8 of the Bill provides in part as follows:

"The authority is created primarily
for the purpose of constructing, ac-
quiring, improving, equipping, fur-
nishing, maintaining and operating a
County Building.  . . ."

That portion of the Caption of the Bill which refers
to the powers of the County Building Authority reads as fol-
lows:  " . . . authorizing the creation of County Building
Authorities to acquire, own and operate a public building to
be used principally as a County Courthouse; . . ."

We would here point out that there is a variance be-
tween the powers given the authority in Section 8 of the Bill
and those enumerated in the Caption of the Bill.  Therefore,
in our opinion, the powers contained in Section 8, particularly
the power to construct, which are not also contained in the
Caption are subject to being held inoperative.  We, therefore,
suggest that the Caption be changed to include all those powers
set forth in Section 8 of the Bill.

SECTION 1

The first sentence of this Section is subject to a
construction which would make this Bill a local or special
law prohibited by Section 56 of Article III of the Texas
Constitution.

We say this due to the fact that the portion of the
first sentence of Section 1 which reads:  " . . . and which
have not constructed a County Courthouse within the last
ten (10) years," can be construed as fixing a period of ten
years which dates back from the effective date of the Bill.

So construed, this Bill would be invalid under the
holding in City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36
S.W.2d 470 (1931) because it would apply only to those
counties wherein a County Courthouse had not been con-
structed within the ten years immediately preceding the ef-
fective date of the Bill and would, therefore, be a local
or special law.

In order to remove the possibility of such a construction it is suggested that the first sentence in Section 1 be changed to read as follows:

> This Act shall be applicable only to counties having a population in excess of 600,000 according to the last preceding Federal Census and which own and use, in conjunction with other structures, a courthouse which is more than ten (10) years old.

The Caption of the Bill should be reworded to confrom to this change.

We pass now to the consideration of the portions of the Bill which delegate powers relating to county business which have heretofore been reposed in the Commissioners Court.

Article 2351, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

> "Each Commissioners Court shall:
>
> " . . .
>
> "7. Provide and keep in repair court houses, jails and all necessary public buildings." (emphasis ours.)

Under the decisions of the Texas courts, it is well settled that the County Commissioners Court has no power except that specially conferred by the Constitution or statute. Hill County v. Bryant & Huffman, 264 S.W. 520, (Tex.Civ.App. 1924, writ dismissed); Moore v. McLennan County, 275 S.W. 478 (Tex.Civ.App. 1925, no writ history); Nunn-Warren Pub. Co. v. Hutchison County, 45 S.W.2d 651 (Tex.Civ.App. 1932, writ refused); Landman v. State, 97 S.W.2d 264 (Tex.Civ.App. 1936, writ refused).

However, Section 18 of Article V of the Constitution of Texas, which provides that Commissioners Courts shall exercise such power and jurisdiction over county business as is conferred by the Constitution and laws of the State does not prevent the Legislature from committing any county business to some other authority, nor does any other provision of the Constitution prohibit the exercise of such legislative power. Clark v. Finley, 93 Tex. 181, 54 S.W. 343 (1899); Garrett v. Commissioners Court of Limestone County, 230 S.W. 1010 (Tex.Civ.App. 1921), reversed on other grounds 236 S.W. 970; Austin Bros. v. Patton, 288 S.W. 182 (Comm.App. 1927).

Sections 6, 7, 8 and 9 of the Bill set forth the powers and purposes of the County Building Authority. We find nothing in these Sections which is inconsistent with the efficient and effective conduct of county business in relation to county courthouses.

In view of the last cited authorities, it is our opinion that the Legislature may properly delegate to the County Building Authority the powers conferred by Sections 6, 7, 8 and 9 of this Bill in counties where this Bill shall become  effective and where such authority shall have come into being in conformity with the provisions of this Bill, without violating any provision of the Constitution.

Section 4 of House Bill 31 requires the "qualified voters of the county" to vote on the questions of the creation of the County Building Authority and the issuance of bonds by the Authority in the same election.

It is our opinion that Section 4 of this Bill is unconstitutional in that it allows voters other than those who own taxable property and who have duly rendered the same for taxation to vote on the issuance of bonds and thus violates Section 3a of Article VI of the Texas Constitution. King v. Carlton Independent School Dist., 156 Tex. 365, 295 S.W.2d 408 (1956).

We find no other provisions of this Bill which are unconstitutional.

Honorable J. C. Zbranek, page 5 (WW-665)

## SUMMARY

The Caption of House Bill 31 does
not conform with the powers dele-
gated to the County Building Author-
ity in Section 8 of said Bill; Section
1 of said Bill is capable of being
construed in a manner which would
make it invalid as a local or special
law under Section 56 of Article III
of the Texas Constitution; Sections
6, 7, 8 and 9 of the Bill, in which
powers relating to county business
are delegated to the Authority, are
constitutional; Section 4 of the Bill
violates Section 3a of Article VI
of the Texas Constitution; all
other portions of the Bill are con-
stitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

By Howard Mays
Assistant

WOS:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

H. Grady Chandler
J. Milton Richardson
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert