THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 12, 1968

Hon. Jimmy Morris
County Attorney
Navarro County
Corsicana, Texas

Dear Mr. Morris:

Opinion No. M-254

Re: Whether a voter in a liquor
election in a city must re-
side for six months under
Article 5.07 of the Election
Code to be qualified to vote
or merely qualify to vote
under Article 5.02 of the
Election Code?

In your request for an opinion you state the fol-
lowing:

"A county calls for a liquor election in
a city. In order to be qualified, must a voter
reside in the city for six months under article
5.07 of the Election Code or may a voter qualify
under article 5.02 of said code?

". . ."

Tex.Const., Article VI, Section 2, and Article 5.02
of the Election Code of Texas provide that a person is qualified
to vote in an election if he has resided in the State one year
next preceding an election and the last six months within the
district or county in which he offers to vote. Article 5.02
expressly provides that it applies to all elections, including
those held by a municipality.

In Duncan v. Willis, 302 S.W.2d 627 (Tex.Sup. 1957),
the voter had not lived in the school district for six months
but had lived in the state one year and in the county six months.
In holding the voter to be qualified, the Supreme Court of Texas
held:

- 1234 -

"An elector must be a resident of the
state for one year, resident of the county
for six months, and a resident of the sub-
division of the county (such as school dis-
trict) wherein he votes at the time he votes,
but not necessarily for six months." (302
S.W.2d 631).

Cramer v. Graham, 264 S.W.2d 135 (Tex.Civ.App. 1954,
no writ); Warren v. Robinson, 32 S.W.2d 871 (Tex.Civ.App. 1930,
no writ); and 21 Tex.Jur.2d 261, Elections, § 33, support this
proposition.

In King v. Carlton Independent School District, 156
Tex. 365, 295 S.W.2d 408, 411 (1956), the Supreme Court of
Texas made the following pertinent holding:

"Article VI, Section 2, of the Consti-
tution defines a qualified voter in this lan-
guage:

"'Every person subject to none of the
foregoing disqualifications who shall have
attained the age of twenty-one (21) years
and who shall be a citizen of the United
States and who shall have resided in this
State one (1) year next preceding an elec-
tion and the last six (6) months within the
district or county in which such person of-
fers to vote shall be deemed a qualified
elector; * * *'

"Any qualified elector, as defined by
that Article, is entitled to vote in any elec-
tion other than one for which additional quali-
fications are prescribed by some other provision
of the Constitution. The Legislature was not
authorized to prescribe any other standard for
voters at the adoption election than that of
qualified electors as defined by Article VI,
Section 2. . . ."

The Texas Constitution does not prescribe any other qualifications for a voter in a liquor election.

Article 5.07 of the Election Code of Texas is not applicable to a liquor election but applies only to the election of municipal officers and to elections to determine the expenditure of money or assumption of debt or issuance of bonds.

An elector is qualified to vote in a liquor election in a city if he meets such requirements of Article 5.02.

## S U M M A R Y

In a liquor election in a city, a person is qualified to vote if he has resided in the State one year next preceding the election, in the county for six months preceding the election, and is a resident of the city at the time of the election, and otherwise qualifying under Article 5.02 of the Election Code. Article 5.07 of the Election Code is not applicable to a liquor election.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Jim D. Vollers
Pat Cain
Robert Owen
Malcolm Quick
A. J. CARUBBI, JR.
Executive Assistant