

# The Attorney General of Texas

May 23, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756

Opinion No. MW-182

Re: Health Department Rules Requiring Embalming

Dear Dr. Bernstein:

You ask if Acts 1979, 66th Legislature, chapter 592, section 10 at 1249 (codified as footnote to V.T.C.S., article 4582b) makes the rules of the Texas Department of Health on embalming ineffective. The rules in question require that a human body must be embalmed in certain circumstances.

Section 10 of Acts 1979, 66th Legislature, chapter 592 provides:

> Sec. 10. [The State Board of Morticians] shall promulgate no rule or regulation requiring embalming. No other state agency shall promulgate or enforce a rule or regulation requiring embalming without a finding that such rule or regulation is necessary to protect the public health.

Section 10 specifically provides that the portions of the Board's rules requiring embalming cannot be enforced unless and until the State Board of Health makes a finding that the rule is necessary to protect the public health. We note that this conclusion is consistent with the specific intent expressed in the Senate debate on the bill on May 24, 1979. (Transcript of portions of Senate debate, May 24, 1979. Certified copy on file in office of the Secretary of the Senate).

A brief submitted to this office has suggested, however, that the caption of the statute was not sufficient to encompass the prohibition on the enforcement of the State Board of Health's rules. It was vigorously urged that the caption would put a reader on notice that the rule-making authority of the State Board of Morticians would be covered by the bill but that it would not provide notice that the rule-making power of any other agency would be affected. We have extensively reviewed this contention.

Within a few years after the passage of our current constitution, the Supreme Court adopted a rule for deciding whether a statute violates the article III, section 35 requirement of the Texas Constitution that a bill

contain only one subject which must be expressed in its caption. The court stated and has consistently followed the conclusion that the constitution:

> ...require[s] only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable, although not specially indicated in the title.

Johnson v. Martin, 12 S.W. 321, 324 (Tex. 1889); See also King v. Carlton Ind. School Dist., 295 S.W. 2d 408, 411 (Tex. 1956) and cases cited therein.

The caption of this bill provides in part:

> An Act relating to regulation of funeral directors, embalmers, and funeral homes and apprentices in funeral directing and embalming; defining offenses and providing penalties; amending Chapter 251, Acts of the 53rd Legislature, Regular Session, 1953, as amended (Article 4582b, Vernon's Texas Civil Statutes), as follows:  [list of sections amended omitted].

Acts 1979, 66th Leg., ch. 592, at 1233. We believe the reference to the regulation of embalmers and apprentices in embalming is sufficient to encompass the prohibition on rules requiring embalming where no public health necessity has been found. Accordingly, the legislation does not suffer from a caption defect.

## SUMMARY

The rules of the State Board of Health requiring embalming in certain circumstances may not be enforced unless and until there is a finding of public health necessity.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Carla Cox
Rick Gilpin
Bruce Youngblood